## In re BRINT.

(District Court, E. D. Pennsylvania. March 28, 1927.)

No. 9922.

Bankruptcy &#8680;384—Objecting creditor has right to be heard before judge in opposition to confirmation of composition (Bankruptcy Act, § 2, cl. 9, § 12, cl. [a], and § 13 [Comp. St. §§ 9586, 9596, 9597]; bankruptcy rules 60, 63; General Order 32; equity rules 66, 83).

Under Bankruptcy Act, § 2, cl. 9, section 12, cl. (a) and section 13 (Comp. St. §§ 9586, 9596, 9597), and bankruptcy rules 60, 63, General Order 32, and equity rules 66 and 83, confirmation of a composition is a matter to be passed on by the judge and not a referee, and, though by common practice the offer is referred to a referee for hearing as special master, where objection is filed, the objecting creditor does not lose his statutory right to be heard in opposition by failure to except to the master's report.

In Bankruptcy. In the matter of Morris Brint, alleged bankrupt. On motion to strike off creditor's specification of objection to confirmation of composition. Motion denied.

Harry L. Jenkins, of Philadelphia, Pa., for petitioning creditors.

Joseph Blank, of Philadelphia, Pa., for bankrupt.

DICKINSON, District Judge. Composition proceedings are wholly statutory. They are a bar to bankruptcy, and, when begun, halt the latter proceeding. If consummated, the legal effect is to withdraw the bankruptcy cause. The practice of the courts in bankruptcy cases follows the general lines of chancery practice, with, however, statutory procedural directions.

Section 2, cl. (9), of the Bankruptcy Act (Comp. St. § 9586), confers upon the court power to "confirm or reject compositions between debtors and their creditors, and set aside compositions and reinstate the cases." Section 12, cl. (a) as amended (Comp. St. § 9596), permits of offers of composition, and, if the offer is before adjudication, halts the latter until the composition proceeding is determined. The subsequent clauses direct how the composition proceedings are to be conducted. Inter alia, "a date and place" shall be fixed for the hearing upon each application for the confirmation of a composition, and such objections as may be made to its confirmation. It is not the referee but the judge who confirms the composition and by section 13 (Comp. St. § 9597) may set it aside and reinstate the case as one in bankruptcy. The prescribed forms Nos. 60 and 63 all call for the action of the court and not of the referee. General Order 32 provides for the making of opposition to the confirmation which shall be by entering an "appearance in opposition" and following this with a specification in writing of the grounds of opposition. The appearance is required to be entered "on the day when the creditors are required to show cause," and the specification to be filed within ten days thereafter. The common practice is to refer the application to the referee as special master and for objecting creditors to follow the practice in equity by filing with the master exceptions to any adverse report he may make. The court, when the order of confirmation or objection comes on to be heard, then has before it the recommendations of the master and the disposition made by him of the exceptions. Apparently the basis for this practice is that of the state courts and perhaps a deference due in courtesy to the master. It could not have been founded on equity rule 66 of the revised rules or rule 83 of the old rules, nor upon order 32 of the General Orders in Bankruptcy. The special master here followed the common

practice by giving notice of the completion of his report and inviting exceptions thereto, but none were filed. This practice is a very convenient one and makes for promptness in the final action on the composition. We do not, however, see our way clear, on the strength of it, to shut out the creditors from the right to enter opposition to the confirmation of the composition which General Order 32 seems to give them.

We have not had the opportunity to inspect the record, but understand the creditor to have entered "his appearance in opposition" and to have followed this with the filing of "a specification in writing of the grounds of his opposition," all within the times limited therefor by General Order 32, and that the present motion is based upon the common practice to which we have adverted.

The motion to strike off is denied, and an order may be entered referring back to the special master the report made by him, with directions to further report upon the "specifications" of opposition to the confirmation as exceptions filed with him to his report as made.